### HOLEPROOF HOSIERY CO. v. WALLACH BROS.

(Circuit Court, S. D. New York. November 11, 1908.)

**1. TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT—NAMES SIMILAR IN MEANING.**

The word "Holeproof," used as a trade-mark for hosiery, conceding its validity, is not infringed by the use by another manufacturer for a similar article of the name "Knotair."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68-72; Dec. Dig. § 59.*]

**TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNFAIR COMPETITION—IMITATION OF PACKAGES.**

The use by defendant, in packing hosiery for the retail trade, of boxes and labels similar in color and appearance, and in the kind of type and color of printing thereon, to those previously in use by complainant for its own product, together with a similar mode of dressing the packages, and the fact that defendant's salesmen in some instances palmed off its goods on customers as those of complainant, *held* to constitute unfair competition, which entitled complainant to a preliminary injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Bill to restrain trade-mark infringement and unfair trading. On motion for a preliminary injunction.

The Kalamazoo Knitting Company, which was engaged in the manufacture of knitted products at Milwaukee, Wis., about the year 1897 began the manufacture and marketing of hosiery of peculiar wearing qualities, to which it applied as a name the word "Holeproof," and a device, consisting of the words "Holeproof Socks," or "Holeproof Hosiery," inclosed in a circular garter surmounted by a crown. This hosiery was sold under a printed guaranty that each pair of socks or stockings would wear for six months without holes or would be replaced. The business increased, and in 1904 complainant, Holeproof Hosiery Company, was organized under the laws of Wisconsin for the purpose of selling and dealing in the product manufactured by the Kalamazoo Knitting Company and sold under the name "Holeproof," the device, and with the guaranty above referred to. The persons organizing and conducting the Holeproof Hosiery Company were the same as those who conducted and operated the Kalamazoo Knitting Company; the organization of the complainant being merely a matter of business convenience. Complainant acquired from the Kalamazoo Knitting Company the business of selling hosiery under the name "Holeproof" and the good will of such business, the exclusive right to the name "Holeproof," the trade-mark device, and all other trade-marks, labels, and indicia. Complainant continued the marketing of the product,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which was and still is manufactured exclusively for the complainant by the Kalamazoo Knitting Company, and continued the use of the name, trade-mark, and devices. In 1904 complainant adopted a form of guaranty, consisting of a strip composed of a series of coupons separated by perforations. The guaranty provided that if any pair of Holeproof socks or hose needed darning within six months, if surrendered with one of the coupons showing the date of

**Defendant's Coupon Ticket.**          **Complainant's Coupon Ticket.**

WE GUARANTEE
that these Six Pairs of "Holeproof Hose" will need no darning for six months. If they should, we agree to replace them by new ones upon the surrender of this ticket with the worn pair and Coupon A, provided they are returned to us within six months from date of sale to wearers

Signature
of Dealer _____
Holeproof Hosiery Co., Manufacturers
Milwaukee, Wis.,
U. S. A.

See that this Guarantee is dated and signed in INK
by dealer on date of sale

Coupon No. 330141

A  Date of Sale _____
Holeproof Hosiery Co.
Milwaukee, Wis., U. S. A.

Coupon No. 330141

B  Date of Sale _____
Holeproof Hosiery Co.
Milwaukee, Wis., U. S. A.

Coupon No. 330141

C  Date of Sale _____
Holeproof Hosiery Co.
Milwaukee, Wis., U. S. A.

Coupon No. 330141

D  Date of Sale _____
Holeproof Hosiery Co.
Milwaukee, Wis., U. S. A.

Coupon No. 330141

E  Date of Sale _____
Holeproof Hosiery Co.
Milwaukee, Wis., U. S. A.

Coupon No. 330141

F  Date of Sale _____
Holeproof Hosiery Co.
Milwaukee, Wis., U. S. A.

Directions for Exchange of Hose
Customers must surrender the damaged Hose, the Guarantee Ticket, and one Coupon for each pair of Hose returned. Under no other circumstances can we make the exchange. With the first pair of damaged Hose we require the original Guarantee Ticket and Coupon A attached thereto; the remaining coupons must be retained and one returned with each subsequent pair of damaged goods
Mail to us direct, and we will replace the same, charges prepaid.
Holeproof Hosiery Co.,
Milwaukee, Wis., U. S. A.

Name, address and size required must accompany goods returned to us for exchange.

purchase, a new pair would be supplied without cost to the purchaser. This method of guaranteeing hosiery against wear was, as far as appeared, original with complainant and its predecessor, and the form of guaranty used was distinctive. Complainant also adopted as a container for six pairs of hose a yellow box bearing the name "Holeproof," the trade-mark device, and printed matter and directions in red and black type arranged in a characteristic manner. Attached to each pair of socks was a tag or ticket bearing certain printed advertising matter in red and black, the name "Holeproof," and the trade-mark device. Around each half a dozen pair of socks or stockings was placed a band showing the word "Holeproof" and the trade-mark device in red and black, and placed in each box was an advertising

| Wrapper on inside of Complainant's Boxes. | Wrapper on inside of box of Defendant Wallach Bros. |
|---|---|

**To Dealers**
**Please Insert**

# IN INK

**Date of Sale**
**on Guarantee**
**Ticket**

To Dealers
Please Insert

# IN INK

Date of Sale
on Guarantee
Ticket.

### DIRECTIONS
## For Exchange of Hose

CUSTOMERS must surrender the damaged socks, the Guarantee Tickets, and one Coupon for each pair of socks returned. Under no other circumstances can we make the exchange. With the first pair of damaged socks we require the original Guarantee Ticket and Coupon A attached thereto; the remaining coupons must be retained and one returned with each subsequent pair of damaged goods.

**Mail to us direct,** and we will replace the same, charges prepaid.

**Holeproof Hosiery Co.**
Milwaukee, Wis., U. S. A.

## Directions

### FOR EXCHANGE OF HOSE

CUSTOMERS must surrender the damaged Hose, the Guarantee Tickets, and one Coupon for each pair of Hose returned Under no other circumstances can we make the exchange With the first pair of damaged Hose we require the original Guarantee Ticket and Coupon A attached thereto; the remaining coupons must be retained and one returned with each subsequent pair of damaged goods

Mail to us, and we will replace the same charges prepaid

**KNOTAIR HOSIERY CO.**
WEST PHILADELPHIA, PA., U. S. A.

slip and one of the guaranty coupons above described. Complainant's product has been extensively advertised, and it appeared that it was asked for and referred to on the market as "Holeproof Socks" and "Holeproof Hosiery," and by reason of the guaranty to some extent as "Guaranteed Hosiery" and "Guaranteed Socks." It also appeared that complainant's product was identified by the appearance of the guaranty coupons or tickets and the general get-up of the package, as well as by the names above given. Defendant, Wallach Bros., was a New York corporation operating a number of retail haberdashery shops in New York City. Shortly before the institution of this suit defendant began dealing in hosiery manufactured by the Knotair Hosiery Company and sold under the name "Knotair Guaranteed Hose," and put up in yellow boxes containing half a dozen pairs and bearing devices and printed matter like complainant's, printed in red and black and with bands, tags, slips, and guaranty coupons or tickets closely resembling those of complainant in color, arrangement, and appearance. It was also shown that on several occasions at defendants' stores persons asking for "Holeproof Hosiery" had been furnished with "Knotair Guaranteed Hose," without explanation.

King & Booth (Reed & Rogers, of counsel), for complainant.
Gardenhire & Jetmore (Mr. Jetmore, of counsel), for defendant.

HOUGH, District Judge. The motion, as shown by the moving papers, is to obtain pendente lite an injunction "in manner and form as set forth in the bill of complaint." An analysis of the prayer for relief in the bill, taken in conjunction with the answer and the body of the bill and the affidavits submitted on this motion, leads me to think that the relief demanded may be fairly stated under the following heads:

Complainant wishes to prevent defendant (1) from using in connection with hosiery the word "Holeproof," or any like word; (2) from using in like connection the words "guarantee," "guaranteed hose," or "guaranteed hosiery," or words similar thereto; (3) from employing in like connection boxes, labels, guaranty tickets, bands, or devices identical with or deceptively similar to those referred to in the bill and produced on this hearing; and (4) from selling or offering for sale as guaranteed hosiery, or "Holeproof" hosiery, or otherwise as a product of the complainant any product not the complainant's.

First. The first branch of the prayer for relief raises the question whether "Knotair" is a like word to "Holeproof," or so similar thereto as to be likely to deceive the average purchaser of the product to which it is applied; i. e., hosiery for men and women of no very high grade. By this I mean hosiery which may reasonably expect purchasers from among persons in moderate circumstances. This is to be regarded as a question of trade-mark, and the point should not be obscured by simultaneously considering suggestions of unfair competition. Laying aside the question (not raised at bar) whether "Holeproof" is not a descriptive word, and one descriptive of qualities which no pair of wearable stockings can ever really possess, and whether the word "Knotair" is not open to the same criticism, the question is this: If there were absolutely no similarity in the dressing, advertising, wrapping, and method of selling these two brands of hosiery, except the use of the trade-mark "Holeproof" by one proprietor, and of the trade-mark "Knotair" by the other, could infringe-

ment be declared? To me it is quite plain that there would be no infringement, and the matter is assuredly not so clear as to warrant the issuance of a preliminary injunction under this branch of the relief prayer.

Second. As interpreted in argument, the second item of relief prayed for means that defendant should be restrained from selling "Knotair" hose as guaranteed hose or guaranteed hosiery. Since it is admitted that as a business method the guaranteeing of hosiery or any other article of merchandise is open to the world, this line of argument suggests the query whether any development of the business of selling hosiery with a guaranty can so effectually appropriate to one manufacturer or merchant the right to call his product "guaranteed hosiery" as to prevent other persons from doing the same, provided they do nothing else objectionable. But this inquiry need not be pursued, because in my opinion the complainant has not shown that it has so completely appropriated and made its own the business of selling guaranteed hose as to render the use of that phrase (without more) suggestive to the general public of their "Holeproof" product. Assuming the answer to the legal question to be in favor of complainant, the evidence is not strong enough to warrant this relief pendente lite.

Third and Fourth. In my opinion the evidence is overwhelming that in the packing, labeling, dressing, use of colors, and arrangement of type defendant has used and is using unfairly competitive methods. The weight of evidence is also in favor of complainant in asserting that defendant, through its salesmen, has palmed off its goods upon customers as the goods of complainant.

The injunction as prayed for will issue, except that defendant will not be enjoined from using the word "Knotair," as applied to hosiery, provided such use be not accompanied by the deceptive competitive method above indicated, and excepting, also, that defendant will not be enjoined from advertising, naming, or describing "Knotair" hosiery as guaranteed hose or hose sold with a guaranty, provided that such expression of warranty be not contained, printed, set forth, or advertised in words, letters, or figures calculated to induce belief that defendant's guaranteed "Knotair" hosiery is complainant's guaranteed "Holeproof" hosiery.

The injunction order will be settled on a notice of four days.